IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                              NO. 07-CR-50046

EDUARDO PEREZ-CARRILLO

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 19, 2013, the Defendant/Movant Eduardo Perez-Carrillo (hereinafter "the Defendant"), an inmate in the Federal Correctional Institution in Texarkana, Texas, filed a 28 U.S.C. § 2241 petition (Doc. 58). The Government filed a Response (Doc. 61), and the Defendant filed a Reply (Doc. 62). The undersigned, being well and sufficiently advised, finds and recommends as follows:

On December 13, 2007, Defendant pled guilty to possession of child pornography, as charged in Count Five of the Superseding Indictment filed against him, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Doc. 38.) On August 20, 2008, the Court sentenced Defendant to 120 months imprisonment, supervised release for life, a 15,000.00 fine, and a $100.00 special assessment. (Doc. 43 - 45.) Defendant's conviction and sentence were affirmed on appeal on March 2, 2010. (Doc. 55.)

In the petition currently before the Court, Defendant seeks relief pursuant to 28 U.S.C. § 2241. Defendant asserts that §

2241, rather than 28 U.S.C. § 2255, is the proper avenue for him to seek relief, as he is not asserting any basis for relief authorized by § 2255, and thus, § 2255 is an inadequate or ineffective means under which to seek relief. See 28 U.S.C. § 2255(a) (grounds for relief under § 2255 are that the sentence was imposed in violation of the Constitution or laws of the United States; that the Court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack). Defendant asserts that he is seeking relief under § 2241 based upon the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Supreme Court held that the Sixth Amendment of the United States Constitution required a jury to find beyond a reasonable doubt any fact which increased a mandatory minimum sentence. Alleyne 133 S. Ct. at 255.

The primary means of collaterally attacking a federal conviction and sentence is provided by § 2255. See Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010). Section 2255(e) contains a savings clause which permits a petition to be filed under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or a sentence. Id. Only the custodial court, in this case, the Eastern District of Texas, has the jurisdiction to determine whether Petitioner's

claims are properly brought under § 2241 via the savings clause of § 2255. See Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005). Thus, this Court is without jurisdiction over Petitioner's § 2241 petition.

While there is statutory authority permitting the transfer of a § 2241 petition to the appropriate district, see 28 U.S.C. § 2241(b), such a transfer would be futile in this case. A petitioner who wishes to proceed under the savings clause must establish that his claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense. Id. Alleyne does not apply retroactively to cases on collateral review. See United States v. Winkelman, 2014 WL 1228194, at *2 (3rd Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Stewart, 2013 WL 5397401, at *1 n. (4th Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013). Further, Defendant's claims in his § 2241 petition go to the validity of his sentence (sentencing enhancements, denial of a reduction for acceptance of responsibility, and his ability to pay the fine), not to the validity of his conviction, and thus, he is not asserting any claim that he was convicted of a nonexistent offense as required by the savings clause.

Finally, it would not be appropriate to construe the § 2241 petition as a § 2255 motion, as such a motion would be time-barred pursuant to the one-year statute of limitations. 28 U.S.C. § 2255(f).

Based upon the foregoing analysis, the undersigned recommends that Defendant's 28 U.S.C. § 2241 petition (Doc. 58) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of June, 2014.

                                        /s/ *Erin L. Setser*
                                    HON. ERIN L. SETSER
                                    UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)